LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
David A. Blansky, Esq.
Salvatore LaMonica, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                          Chapter 7

                                                                                      Case No. 09-70955-REG
GOLDAN, LLC,

                            Debtor.
---------------------------------------------------------x
ALLAN B. MENDELSOHN, AS CHAPTER
7 TRUSTEE OF GOLDAN, LLC,

                            Plaintiff,

          - against -                                                          Adv Pro No. 11-08794-REG

FRANCINE DANIELS,

                            Defendant.
---------------------------------------------------------x

### **STIPULATION OF SETTLEMENT RESOLVING ADVERSARY PROCEEDING**

**WHEREAS**, on or about February 18, 2009, an involuntary petition for relief under Chapter 7, title 11 of the United States Code (the "Bankruptcy Code") was filed against Goldan, LLC (the "Debtor") in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), Chapter 7 Case Number 09-70955(REG); and

**WHEREAS**, on or about February 20, 2009 an order for relief under Chapter 7 of the Bankruptcy Code was entered in the Goldan Bankruptcy Case; and

**WHEREAS**, on or about February 20, 2009, Allan B. Mendelsohn (in his capacity as trustee, the "Trustee") was appointed as interim Chapter 7 trustee in the Debtor's bankruptcy case and has since qualified and is the permanent trustee of the Debtor; and

**WHEREAS**, on or about February 16, 2011, the Trustee commenced the instant adversary proceeding by filing a complaint (the "Complaint") under 11 U.S.C. §§ 105, 541, 542, 547, 548 and 550, the New York Debtor and Creditor Law, and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure, seeking, among other things, to avoid and recover transfers made by the Debtor to the defendant Francine Daniels (the "Defendant") in the aggregate amount of $81,046.83 (the "Transfers") as fraudulent conveyances or preferential transfers; and

**WHEREAS,** on April 15, 2011, the Defendant interposed an answer to the Complaint with affirmative defenses (the "Answer"); and

**WHEREAS,** in the Answer, the Defendant claimed, among other things, that she provided fair consideration to the Debtor in exchange for the Transfers; and

**WHEREAS**, once the pleadings were complete, the Trustee and Defendant engaged in discovery, which included the Defendant's production of documents purporting to reflect the consideration for the Transfers; and

**WHEREAS**, the documents produced by the Defendant demonstrate conclusively that she made at least one direct payment to the Debtor in the sum of $25,000.00 prior to the Transfers, which payment has been confirmed in the Debtor's bank records by the Trustee; and

**WHEREAS**, the documents produced by the Defendant circumstantially demonstrate the payment of an additional $25,000.00 prior to the Transfers; and

**WHEREAS,** the documents also reflect that the Defendant paid the tax assessor certain sums relating to properties that were purportedly the subject of Debtor projects; and

**WHEREAS**, reference to the same properties appear in the Debtor's records, but it does not appear the Debtor ever held title to these properties; and

**WHEREAS**, it is probable that the Defendant could demonstrate consideration for a significant portion of the Transfers; and

**WHEREAS**, the Trustee and Defendant (collectively, the "Parties") entered into settlement discussions for the purpose of resolving the estate's claims to the Transfers; and

**WHEREAS**, as a result of the settlement discussions had by the Parties, the Parties have agreed to the following settlement and resolution of the claims asserted by the Trustee in his complaint, upon the terms and conditions set forth in this stipulation (the "Stipulation").

**NOW, THEREFORE**, it is hereby stipulated and agreed by and between the Parties as follows:

1. The Trustee shall be paid $10,000.00 (the "Settlement Sum") in full and final satisfaction of the claims asserted in the Complaint. The Settlement Sum shall be paid with 90 days of the execution of this Stipulation. The Settlement Sum shall be paid to "Allan B. Mendelsohn, as Chapter 7 Trustee" and delivered to his counsel, LaMonica Herbst & Maniscalco, LLP.

2. In the event the Defendant fails to pay the Settlement Sum within the time provided for in paragraph "1", the Defendant shall be in default (the "Default"). The Trustee shall provide the Defendant with written notice of her default, through her counsel. The Defendant shall have seven (7) days in which to cure her default from the date of the Trustee's notice (the "Cure Period"). Should the Defendant failed to cure the Default within the Cure

Period, she consents to the entry of a judgment against her in the sum of $25,000.00, together with interest thereon from date of entry of the judgment at the New York State statutory rate of 9% per annum, upon the Trustee's filing of an affidavit or affirmation of non-compliance with the Court.

3. Once an order of the Court approving this Stipulation becomes final and non-appealable and Settlement Sum clears the Trustee's account, the parties shall execute and the Trustee shall file a stipulation of discontinuance with prejudice in this adversary proceeding.

4. Once an order of the Court approving this Stipulation becomes final and non-appealable and the Settlement Sum clears the Trustee's account, the Defendant waives and releases any claims she may have in and to the Settlement Sum and against the Trustee, the Debtor or the Debtor's estate, of whatever kind or nature, whether claimed or unclaimed, filed or unfiled, liquidated or unliquidated, known or unknown, suspected or unsuspected, anticipated or unanticipated, or contingent or fixed; and the Trustee waives and releases any and all claims he and the estate may have against the Defendant, of whatever kind or nature, whether claimed or unclaimed, filed or unfiled, liquidated or unliquidated, known or unknown, suspected or unsuspected, anticipated or unanticipated, or contingent or fixed.

5. The Trustee shall seek approval of the Stipulation by the Court. In the event the Court fails to authorize and approve the Stipulation in its entirety, the Stipulation shall become null and void.

6. The Trustee shall be authorized to do such things, execute such documents and expend such funds as may be reasonably necessary to effectuate the terms and conditions of this Stipulation.

7.     This Stipulation shall be binding upon the Parties' heirs, successors and/or assigns and shall inure to the benefit of the Parties' heirs, successors and/or assigns.

8.     This Stipulation contains the entire understanding of the Parties hereto and supersedes all prior understandings and agreements, whether written or oral, between the parties.

9.     This Stipulation may not be altered, modified or changed, unless in writing and signed by all the Parties hereto.

10.    By signing this Stipulation, each of the Parties hereto acknowledge that it has read all of the terms of the Stipulation and enters into its terms voluntarily and without duress, and it has the authority to bind itself to this agreement.

11.    This Stipulation shall be deemed to have been jointly drafted by the Parties in construing and interpreting this Stipulation.  No provision shall be construed and interpreted for or against any of the Parties because such provision, or any other provision of this Stipulation, or the Stipulation as a whole, was recorded, prepared, or requested by such party.

12.    The Parties irrevocably consent to the exclusive jurisdiction of the Bankruptcy Court with respect to any proceeding to adjudicate any dispute concerning, or to enforce the terms and provisions of, this Stipulation.

13. This Stipulation may be signed in multiple counterparts and by facsimile transmission if necessary, each of which, when taken together, shall constitute one original document.

| | |
|---|---|
| Dated: Wantagh, New York<br>January 4, 2012 | Dated: Jericho, New York<br>January 4, 2012 |
| **LAMONICA HERBST**<br>**& MANISCALCO, LLP**<br>*Attorneys for Allan B. Mendelsohn, Esq.,*<br>*as Trustee of Goldan LLC* | **MCBREEN & KOPKO**<br>*Attorneys for Francine Daniels* |
| By: *s/David A. Blansky*<br>   David Blansky, Esq.<br>   3305 Jerusalem Avenue<br>   Wantagh, New York 11793<br>   (516) 826-6500 | By: *s/Kenneth Reynolds*<br>   Kenneth Reynolds, Esq.<br>   500 North Broadway, Suite 129<br>   Jericho, NY 11753<br>   (516) 364-1095 |